IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMONA ERAZO, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 02-CV-4438 |
| v. : | |
| : | |
| TRANS UNION, LLC; ROBINSON/MAY and : | |
| WELLS FARGO BANK, : | |
| : | |
| Defendants. : | |

## WELLS FARGO BANK'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant "Wells Fargo Bank" (hereafter "Wells Fargo"), by its undersigned attorneys, for its answer to plaintiff's complaint, says:

## PRELIMINARY STATEMENT

1. Wells Fargo admits that plaintiff purports to assert the claims set forth in paragraph 1 of plaintiff's complaint but denies that plaintiff is entitled to relief under any of those claims and specifically denies that Wells Fargo acted wrongfully or harmed plaintiff in any manner.

## JURISDICTION AND VENUE

2-3. The averments contained in paragraphs 2 and 3 of plaintiff's complaint set forth a legal conclusion and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 2 and 3 set forth factual averments, Wells Fargo does not contest the jurisdiction of this Court or the venue of this action.

## PARTIES

4-6. The averments contained in paragraphs 4 through 6 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 4 through 6 set forth factual averments, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

7. The averments contained in paragraph 7 of plaintiff's complaint set forth a legal conclusion and, therefore, Wells Fargo denies the averments as stated. To the extent paragraph 7 sets forth factual averments, Wells Fargo admits that it has offices in Des Moines, Iowa, but denies the remaining factual averments.

## FACTUAL ALLEGATIONS

8-10. The averments contained in paragraphs 8 through 10 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 8 through 10 set forth factual averments, Wells Fargo denies the averments.

11-16. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 11 through 16 of plaintiff's complaint and, therefore, denies those averments.

17-19. The averments contained in paragraphs 17 through 19 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 17 through 19 set forth factual averments, Wells Fargo denies the averments.

20. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of plaintiff's complaint and, therefore, denies those averments.

21. The averments contained in paragraph 21 of plaintiff's complaint set forth a legal conclusion and, therefore, Wells Fargo denies the averments as stated. To the extent paragraph 21 sets forth factual averments, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies those averments.

22-27. The averments contained in paragraphs 22 through 27 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 22 through 27 set forth factual averments, Wells Fargo denies the averments.

## CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. TU)

28. Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

29-33. The averments contained in paragraphs 29 through 33 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 29 through 33 set forth factual averments, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT TWO - FCRA
### (Plaintiff v. Robinsons and Wells Fargo)

34.     Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

35.     The averments contained in paragraph 35 of plaintiff's complaint set forth a legal conclusion and, therefore, Wells Fargo denies the averments as stated.

36-37.     The averments contained in paragraphs 36 and 37 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 36 and 37 set forth factual averments, Wells Fargo denies the averments.

## COUNT THREE - DEFAMATION
### (Plaintiff v. TU)

38.     Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

39-48.     The averments contained in paragraphs 39 through 48 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 39 through 48 set forth factual averments, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

**COUNT FOUR - DEFAMATION**
**(Plaintiff v. Robinsons and Wells Fargo)**

49. Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

50-58. The averments contained in paragraphs 50 through 58 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 50 through 56 set forth factual averments, Wells Fargo denies the averments.

**COUNT FIVE- CPL**
**(Plaintiff v. TU)**

59. Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

60-63. The averments contained in paragraphs 60 through 63 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 60 through 63 set forth factual averments, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### **COUNT SEVEN (sic) - NEGLIGENCE**
### **(Plaintiff v. TU)**

64. Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

65-67. The averments contained in paragraphs 65 through 67 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 65 through 67 set forth factual averments, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### **COUNT EIGHT - NEGLIGENCE**
### **(Plaintiff v. Robinsons and Wells Fargo)**

68. Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

69-71. The averments contained in paragraphs 69 through 71 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 69 through 71 set forth factual averments, Wells Fargo denies the averments.

### COUNT NINE – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. TU)

72. Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

73-75. The averments contained in paragraphs 73 through 75 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 73 through 75 set forth factual averments, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT TEN – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. Robinsons and Wells Fargo)

76. Wells Fargo incorporates by reference its previous responses as though fully set forth herein.

77-79. The averments contained in paragraphs 77 through 79 of plaintiff's complaint set forth legal conclusions and, therefore, Wells Fargo denies the averments as stated. To the extent paragraphs 77 through 79 set forth factual averments, Wells Fargo denies the averments.

### JURY TRIAL DEMAND

80. Wells Fargo admits that plaintiff purports to demand a trial by jury. To the extent plaintiff asserts that he is entitled to a trial by jury, the assertion sets forth a legal conclusion and, therefore, Wells Fargo denies the averments as stated.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Wells Fargo did not commit any wrongful, illegal or inappropriate acts.

### Third Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Defense

Wells Fargo is immune, in whole or in part, from plaintiff's claims.

### Fifth Defense

Any statements made by Wells Fargo were true at the time they were made.

### Sixth Defense

Any statements made by Wells Fargo were privileged at the time they were made.

### Seventh Defense

Plaintiff's claims are pre-empted, in whole or in part.

### Eighth Defense

Plaintiff did not suffer any damages as a result of the conduct of Wells Fargo.

### Ninth Defense

Plaintiff failed to mitigate her damages.

### Tenth Defense

To the extent plaintiff suffered damages, none being admitted, they were caused by third persons over which Wells Fargo exercised no control.

WHEREFORE, Wells Fargo Bank demands judgment in its favor and against plaintiff, together with such other relief, including costs and attorneys' fees as the Court deems just and proper.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP


By: _____
John K. Semler, Jr., Esquire
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-864-8121
215-864-9283 (Fax)

Attorneys for Wells Fargo Bank

Dated:  September 20, 2002

## CERTIFICATE OF SERVICE

I, John K. Semler, Jr., Esquire hereby certify that I have caused a true and correct copy of Wells Fargo Bank's Answer to Plaintiff's Complaint to be served this date, by first class mail, upon:

>Mark D. Mailman, Esquire
>Francis & Mailman, P.C.
>Land Title Building, 19th Floor
>Philadelphia, PA 19110
>
>Timothy P. Creech, Esquire
>Marion, Satzberg, Trichon, Kogan & Wertheimer
>1818 Market Street, 30th Floor
>Philadelphia, PA 19103

Dated: September 20, 2002                    _____
                                             John K. Semler, Jr.