## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMONA ERAZO, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 02-4438 |
| | : | |
| TRANS UNION, LLC, | : | |
| ROBINSONS/MAY, and | : | |
| WELLS FARGO BANK, | : | |
| | : | |
| Defendants. | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, The May Department Stores Company d/b/a Robinsons-May ("Robinsons-May"), improperly sued as Robinsons/May, by and through its attorneys, as its Answer to Plaintiffs Complaint, states as follows:

### I. Preliminary Statement

1. Robinsons-May admits that Plaintiff purports to bring this action pursuant to the Fair Credit Reporting Act and various other laws of the Commonwealth of Pennsylvania. Robinsons-May denies all other averments in Paragraph 1.

### II. Jurisdiction and Venue

2. Robinsons-May admits that this Court has jurisdiction over this matter.

3. Robinsons-May denies that venue in this district is proper.

### III. Parties

4. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 4 of Plaintiff's Complaint and therefore denies them.

5. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies them.

6. Robinsons-May denies the averments set forth in Paragraph 6 of Plaintiff's Complaint.

7. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies them.

### IV. Factual Allegations

8. Robinsons-May denies the averments set forth in Paragraph 8 of Plaintiff's Complaint.

9. Robinsons-May denies the averments set forth in Paragraph 9 of Plaintiff's Complaint.

10. Robinsons-May denies the averments set forth in Paragraph 9 of Plaintiff's Complaint.

11. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies them.

12. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 12 of Plaintiff's Complaint and therefore denies them.

13. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 13 of Plaintiff's Complaint and therefore denies them.

14. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 14 of Plaintiff's Complaint and therefore denies them.

15. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 15 of Plaintiff's Complaint and therefore denies them.

16. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 16 of Plaintiff's Complaint and therefore denies them.

17. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 17 of Plaintiff's Complaint with respect to Defendant Wells Fargo Bank and therefore denies them. Robinsons-May denies all other factual averments set forth in Paragraph 17 of Plaintiff's Complaint.

18. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 18 of Plaintiff's Complaint and therefore denies them.

19. Robinsons-May denies the factual averments set forth in Paragraph 19 of Plaintiff's Complaint.

20. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 20 of Plaintiff's Complaint and therefore denies them.

21. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 21 of Plaintiff's Complaint and therefore denies them.

22. Robinsons-May has insufficient knowledge to admit or deny the factual averments set forth in Paragraph 22 of Plaintiff's Complaint and therefore denies them.

23. Robinsons-May denies the factual averments set forth in Paragraph 23 of Plaintiff's Complaint.

24. Robinsons-May denies the factual averments set forth in Paragraph 24 of Plaintiff's Complaint.

25. Robinsons-May denies the factual averments set forth in Paragraph 25 of Plaintiff's Complaint.

26. Robinsons-May denies the factual averments set forth in Paragraph 26 of Plaintiff's Complaint.

27. Robinsons-May denies the factual averments set forth in Paragraph 27 of Plaintiff's Complaint.

### V. Claims

#### COUNT ONE - FCRA
#### (Plaintiff v. TU)

28. Robinsons-May incorporates its answers to Paragraphs 1-27 of Plaintiff's Complaint as if set forth fully herein.

29. As Count One of Plaintiff's Complaint is not directed toward Robinsons-May, Robinsons-May provides no answer to paragraphs 29 through 33. However, to the extent any averments set forth in Count One of Plaintiff's Complaint are construed to pertain to Robinsons-May, Robinsons-May denies them.

#### COUNT TWO - FCRA
#### (Plaintiff v. Robinsons and Wells Fargo)

34. Robinsons-May incorporates its responses to Paragraphs 1-34 of Plaintiff's Complaint as if set forth fully herein.

35. Paragraph 35 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 35 is construed to include any factual averments,

Robinsons-May denies them.

36. Paragraph 36 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent Paragraph 36 is construed to include any factual averments, Robinsons-May denies them.

(a) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(b) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(c) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(d) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(e) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(f) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(g) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(h) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

(i) Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

      (j)    Robinsons-May denies the factual averments set forth in this sub-part of Paragraph 36 of Plaintiff's Complaint.

37.    Robinsons-May denies the factual averments set forth in Paragraph 37 of Plaintiff's Complaint.

**COUNT THREE - DEFAMATION**
**(Plaintiff v. TU)**

38.    Robinsons-May incorporates its answers to Paragraphs 1-37 of Plaintiff's Complaint as if set forth fully herein.

39.    As Count Three of Plaintiff's Complaint is not directed toward Robinsons-May, Robinsons-May provides no answer to Paragraphs 39 through 48. However, to the extent any averments set forth in Count One of Plaintiff's Complaint are construed to pertain to Robinsons-May, Robinsons-May denies them.

**COUNT FOUR - DEFAMATION**
**(Plaintiff v. Robinsons and Wells Fargo)**

49.    Robinsons-May incorporates its responses to Paragraphs 1-48 of Plaintiff's Complaint as if set forth fully herein.

50.    Robinsons-May denies the factual averments set forth in Paragraph 50 of Plaintiff's Complaint.

51.    Robinsons-May denies the factual averments set forth in Paragraph 51 of Plaintiff's Complaint.

52.    Robinsons-May denies the factual averments set forth in Paragraph 52 of Plaintiff's Complaint.

53.    Robinsons-May denies the factual averments set forth in Paragraph 53 of

Plaintiff's Complaint.

54. Robinsons-May denies the factual averments set forth in Paragraph 54 of Plaintiff's Complaint.

55. Paragraph 55 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 55 is construed to include any factual averments, Robinsons-May denies them.

56. Paragraph 56 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 56 is construed to include any factual averments, Robinsons-May denies them.

57. Robinsons-May denies the factual averments set forth in Paragraph 57 of Plaintiff's Complaint.

58. Robinsons-May denies the factual averments set forth in Paragraph 58 of Plaintiff's Complaint.

## COUNT FIVE - CPL
### (Plaintiff v. TU)

59. Robinsons-May incorporates its answers to Paragraphs 1-58 of Plaintiff's Complaint as if set forth fully herein.

60. As Count Five of Plaintiff's Complaint is not directed toward Robinsons-May, Robinsons-May provides no answer to Paragraphs 60 through 67. However, to the extent any averments set forth in Count Five of Plaintiff's Complaint are construed to pertain to Robinsons-May, Robinsons-May denies them.

## COUNT SIX
## Omitted from Plaintiff's Complaint

## COUNT SEVEN - NEGLIGENCE
## (Plaintiff v. TU)

64. Robinsons-May incorporates its answers to Paragraphs 1-63 of Plaintiff's Complaint as if set forth fully herein.

65. As Count Seven of Plaintiff's Complaint is not directed toward Robinsons-May, Robinsons-May provides no answer to Paragraphs 64 through 67. However, to the extent any averments set forth in Count Seven of Plaintiff's Complaint are construed to pertain to Robinsons-May, Robinsons-May denies them.

## COUNT EIGHT - NEGLIGENCE
## (Plaintiff v. Robinsons and Wells Fargo)

68. Plaintiff incorporates its answers to Paragraphs 1-67 of Plaintiff's Complaint as if set forth fully herein.

69. Paragraph 69 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 69 is construed to include any factual averments, Robinsons-May denies them.

  (a) Subparagraph (a) of Paragraph 69 sets forth a legal conclusion to which no response is required. To the extent Subparagraph (a) is construed to include any factual averments, Robinsons-May denies them.

  (b) Robinsons-May denies the factual averments set forth in subparagraph (b) of Paragraph 69 of Plaintiff's Complaint.

  (c) Robinsons-May denies the factual averments set forth in subparagraph (c) of Paragraph 69 of Plaintiff's Complaint.

(d) Robinsons-May denies the factual averments set forth in subparagraph (d) of Paragraph 69 of Plaintiff's Complaint.

(e) Robinsons-May denies the factual averments set forth in subparagraph (e) of Paragraph 69 of Plaintiff's Complaint.

(f) Robinsons-May denies the factual averments set forth in subparagraph (f) of Paragraph 69 of Plaintiff's Complaint.

(g) Robinsons-May denies the factual averments set forth in subparagraph (g) of Paragraph 69 of Plaintiff's Complaint.

(h) Robinsons-May denies the factual averments set forth in subparagraph (h) of Paragraph 69 of Plaintiff's Complaint.

70. Robinsons-May denies the factual averments set forth in Paragraph 70 of Plaintiff's Complaint.

71. Robinsons-May denies the factual averments set forth in Paragraph 71 of Plaintiff's Complaint.

**COUNT NINE - INVASION OF PRIVACY/FALSE LIGHT**
**(Plaintiff v. TU)**

72. Robinsons-May incorporates its answers to Paragraphs 1-71 of Plaintiff's Complaint as if set forth fully herein.

73. As Count Nine of Plaintiff's Complaint is not directed toward Robinsons-May, Robinsons-May provides no answer to Paragraphs 73 through 75. However, to the extent any averments set forth in Count Nine of Plaintiff's Complaint are construed to pertain to Robinsons-May, Robinsons-May denies them.

**COUNT TEN - INVASION OF PRIVACY/FALSE LIGHT**
**(Plaintiff v. Robinson and Wells Fargo)**

76. Robinsons-May incorporates its answers to Paragraphs 1-75 of Plaintiff's Complaint as if set forth fully herein.

77. Robinsons-May denies the factual averments set forth in Paragraph 77 of Plaintiff's Complaint.

78. Robinsons-May denies the factual averments set forth in Paragraph 78 of Plaintiff's Complaint.

79. Robinsons-May denies the factual averments set forth in Paragraph 79 of Plaintiff's Complaint.

## VI. JURY TRIAL DEMAND

80. Paragraph 80 of Plaintiff's Complaint requires no responsive pleading. To the extent Paragraph 80 is construed to include any factual averments to which a response is required, Robinsons-May denies them.

## VII. PRAYER FOR RELIEF

WHEREFORE, Defendant The May Department Stores Company d/b/a Robinsons-May denies that it is liable to Plaintiff in any manner whatsoever and respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award such other relief it deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant, THE MAY DEPARTMENT STORES COMPANY d/b/a Robinsons-May, alleges and states the following as its Affirmative Defenses to Plaintiff's Complaint:

**Affirmative Defense No. 1:**

Plaintiff failed, in whole or in part, to state a claim upon which relief can be granted in Counts Two, Four, Eight, and Ten.

**Affirmative Defense No. 2:**

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate the damages that she has suffered, if any, as a result of Robinsons-May's conduct, actions or omissions.

**Affirmative Defense No. 3:**

Plaintiff's claims under the Fair Credit Reporting Act are barred, in whole or in part, because Robinsons-May at all times maintained and followed reasonable procedures to ensure compliance with said statute and to ensure the maximum possible and/or reasonable accuracy of the information that it furnished concerning the Plaintiff.

**Affirmative Defense No. 4:**

Plaintiff's claims against Robinsons-May are barred, in whole or in part, by the applicable statute of limitations.

**Affirmative Defense No. 5:**

Count Four of Plaintiff's Complaint sounding in defamation, Count Eight of Plaintiff's Complaint sounding in negligence, and Count Ten of Plaintiff's Complaint Sounding in invasion of privacy/false light are all preempted by the provisions of the Fair Credit Reporting Act granting Robinsons-May qualified immunity against and from such causes of action.

**Affirmative Defense No. 6:**

This Court lacks subject matter jurisdiction over this matter.

**Affirmative Defense No. 7:**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver or

estoppel.

**Affirmative Defense No. 8:**

_____Plaintiff's claims are barred, in whole or in part, because some or all of the damages suffered by Plaintiff did not result from any act or omission of Robinsons-May, but instead resulted from the acts or omissions of persons or entities other than Robinsons-May, for which acts or omissions Robinsons-May is in no way liable.

**Affirmative Defense No. 9:**

_____Plaintiff's claims under the Fair Credit Reporting Act are barred, in whole or in part, because Plaintiff lacks standing to sue under the authorities and statutes cited.

**Affirmative Defense No. 10:**

_____Plaintiff's claims are barred, in whole or in part, because Robinsons-May has, at all material times with respect to Plaintiff, acted in good faith and complied fully with the Fair Credit Reporting Act.

**Affirmative Defense No. 11:**

_____Any harm suffered by Plaintiff was caused by Plaintiff's own conduct over which Robinsons-May has no control or authority and, therefore, cannot be held liable.

**Affirmative Defense No. 12:**

_____Plaintiff has failed to allege sufficient facts to warrant an award of punitive damages.

**Affirmative Defense No. 13:**

_____The award of punitive damages in this case would violate the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

**Affirmative Defense No. 14:**

_____Venue is not proper in this district.

**Affirmative Defense No. 15:**

Defendant reserves its right to raise additional defenses it learns through the course of discovery.

WHEREFORE, Defendant The May Department Stores Company d/b/a Robinsons-May respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award such other relief it deems just and proper.

                                        Respectfully Submitted,
                                        **SWEENEY & SHEEHAN**

                                      By:_____
                                            Andrew Siegeltuch, Esq.
                                            Attorney for Defendant,
                                            The May Department Stores Company d/b/a
                                            Robinsons-May